**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **COURTNEY MITHAUGEN,** § | | |
| PETITIONER, § | | |
| § | | |
| v. § | Civil Action No. 4:05-CV-0406-Y | |
| § | | |
| **FEDERAL BUREAU OF PRISONS,** § | | |
| RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.   PARTIES**

Petitioner Courtney Mithaugen, Reg. No. 11494-041, is a federal prisoner who is incarcerated in a Volunteers of America "halfway house," a community corrections center (CCC), in Fort Worth, Tarrant County, Texas.

The Respondent is the Federal Bureau of Prisons (the Bureau).

## C. PROCEDURAL HISTORY

Mithaugen was charged with conspiracy to distribute methamphetamine and aiding and abetting distribution of methamphetamine in the United States District Court of Minnesota. *See* CM/ECF, Criminal Docket for Case # 0:04-CR-00125-RHK0AJB-3, docket entry for March 17, 2004. On April 6, 2004, pursuant to a plea agreement, Mithaugen pled guilty to conspiracy to distribute methamphetamine. *Id.*, docket entry for April 6, 2004. Before her sentencing date, Mithaugen filed "Defendant's Position With Regard to Sentencing," in which she requested the court to impose a sentence comporting with the agreement reached between her and the government and the level and degree of the cooperation she offered to law enforcement and to recemmend that she be designated to the Bureau's Intensive Confinement Center (ICC) program. *Id.*, docket entry for November 19, 2004. On November 22, 2004, the district court sentenced Mithaugen to a term of 18 months' imprisonment with participation in the Boot Camp program, an ICC program, and ordered her to surrender to the United States Marshals Service on December 28, 2004. (Appendix to Respondent's Response at 2.) The court subsequently extended Mithaugen's surrender date to January 10, 2005. (*Id.* at 43.) On January 5, 2005, the Bureau cancelled the ICC/Boot Camp program as part of a cost reduction initiative, with a targeted closing date of July 15, 2005. (*Id.* at 34-35.)

By this action, Mithaugen contends the Bureau's cancellation of the program violated the notice-and-comment requirements of the Administrative Procedures Act (APA), violated her due process rights by rendering the entire sentencing procedure invalid, and violated the prohibition against ex post facto laws. (Petition at 3-5.) Mithaugen seeks correction of her sentence and imposition of a sentence that would effect the sentencing court's original intent. (*Id.* at 5.)

**D. DISCUSSION**

This court has the duty to assure that it has jurisdiction over the matters before it and may raise a jurisdictional issue *sua sponte* at any time. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(h)(3).

The threshold question is whether Mithaugen's claims are properly raised in a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his or her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2255 channels collateral attacks by federal prisoners to the sentencing court, rather than to the court in the district of confinement, as § 2241 requires, so that they can be addressed more efficiently. *Reyes-Requena v. United States*, 243 F.3d 893, 901 n.18 (5th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997)).

Based on the relief sought, Mithaugen's attack on her sentence is not cognizable in a petition for writ of habeas corpus brought pursuant to § 2241. Her collateral attack must be asserted in a § 2255 motion, and the only court with jurisdiction to determine such a motion is the convicting court.[1] *See* 28 U.S.C. § 2255; *United States v. Coleman*, No. 3:03-CR-156, slip op., 2005 WL

---

[1]The court recognizes that § 2241 may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if the § 2255 remedy is inadequate or ineffective to test the legality of his or her detention. *See* 28 U.S.C. § 2255; *Reyes-Requena v. United States*, 243 F.3d
(continued...)

233825 (D. Conn. Jan. 25, 2005) (not designated for publication). *Compare United States v. Serrato*, No. CV. 05-696-BR, slip op., 2005 WL 1661831 (D. Or. July 2005) (not designated for publication) (holding § 2241 appropriate where petitioner did not assert sentence was unlawful).[2] Dismissal of this petition is appropriate for lack of jurisdiction.[3]

## II. RECOMMENDATION

It is recommended Mithaugen's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

---

[1](...continued)
893, 901 & n.18 (5th Cir. 2001). Mithaugen has not yet pursued a § 2255 motion in the convicting court nor has she illustrated that the § 2255 remedy is inadequate or ineffective. Mithaugen is cautioned, however, that she should promptly return to the convicting court to raise her claims in a § 2255 motion to satisfy the provision's one-year statute of limitations.

[2] Assuming the court were to address the merits of Mithaugen's claims, it is unclear what relief would be possible. If the Bureau has in fact closed the ICC/Boot Camp program, it would be futile for this court to order that the Bureau continue the program until it has complied with the APA and to "in good faith" consider Mithaugen's eligibility for the program. *Castelline v. Lappin*, 365 F. Supp. 2d 197 (D. Mass. Apr. 12, 2005) (not designated for publication in the Federal Reporter).

[3] The government argues that the petition should be dismissed because she failed to name as the respondent her custodian and because she failed to exhaust her administrative remedies. It is not necessary, however, to address these matters.

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge—Page 4 of 5**

and recommendation until October 27, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 27, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 6, 2005.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE